IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01096-BNB

LEON THOMAS,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Leon Thomas, is a prisoner in the custody of the United States Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Thomas initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1]. He filed an Amended Application on May 6, 2013 [Doc. # 4]. On May 9, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On May 31, 2013, Respondent filed a Preliminary Response [Doc. # 11] arguing that this action should be dismissed for failure to exhaust administrative remedies. On June 12, 2013, Mr. Thomas filed a Reply [Doc. # 13] to Respondent's Preliminary Response.

The Court must construe the papers filed by Mr. Thomas liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and this action will be dismissed.

On August 30, 2012, Mr. Thomas was issued an Incident Report at USP-Allenwood, Pennsylvania, for threatening another with bodily harm. [Doc. # 4, at 24]. Following a September 10, 2012 hearing before a Disciplinary Hearing Officer (DHO), Mr. Thomas was convicted of the offense of "Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Facility." [*Id.* at 25; Doc. # 11-2, at 49]. The DHO sanctioned Mr. Thomas with, *inter alia*, the loss of 27 days of good conduct time. [Doc. # 4, at 26]. Mr. Thomas claims in the Application that his due process rights were violated when he was not afforded the staff representative of his choice during the DHO proceeding. He further asserts a due process violation arising out of BOP staff's alleged improper application of the BOP's administrative remedy procedure relating to prison disciplinary convictions. [*Id.* at 6-14]. For relief, Mr. Thomas asks the Court to order the BOP to expunge the prison disciplinary conviction. [*Id.* at 14].

**I. Exhaustion of Administrative Remedies**

Respondent argues that this action should be dismissed for Applicant's failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such

as Mr. Thomas.  See 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  See 28 C.F.R. §§ 542.13 - 542.15.  With respect to prison disciplinary proceedings, exhaustion of administrative remedies requires an inmate to file an appeal initially to the regional director before pursuing a national appeal.  See 28 C.F.R. § 542.14(d)(2).

A federal habeas court may deny a § 2241 application without reviewing the exhaustion question.  See United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008) (citing Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)).  The Court's review of the lengthy and somewhat complex administrative record concerning Mr. Thomas's efforts to exhaust his administrative remedies indicates that the interests of judicial economy are best served in this case by denying the amended application on the merits without resolving the issue of exhaustion. Accordingly, the Court addresses the merits of Mr. Thomas's claims below.

## II. Merits of Claims

Mr. Thomas first claims that his federal due process rights were violated when he was denied the staff representative of his choice in a prison disciplinary proceeding.

Federal inmates must be afforded due process before their good time credits can be revoked. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Howard v. Bureau of Prisons, 487 F.3d 808, 812 (10th Cir. 2007). A disciplinary hearing satisfies due process

if it affords the prisoner: 1) written notice of the violation at least 24 hours before the hearing; 2) an opportunity to call witnesses and present documentary evidence (if consistent with institutional safety and correctional goals) to an impartial decision-maker; and 3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563–66. Due process is satisfied if "some evidence" in the record supports the decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

A prisoner does not have a general constitutional right to have a staff representative assist him during the disciplinary process. *See Wolff*, 418 U.S. at 570; *see also Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990) (prisoner was not constitutionally entitled to counsel at prison disciplinary hearing). Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *See Wolff*, 418 U.S. at 570. Upon review of the case file, the Court finds that Mr. Thomas is literate and there is nothing to suggest that the issues raised by the incident report were complex. Moreover, Mr. Thomas was not denied a staff representative outright. Instead, the DHO refused to allow Mr. Thomas the staff representative of his choice because that individual was a member of the executive staff and was exempt from being called as a staff representative. [*See* Doc. # 4, at   (citing BOP Program Statement 5270.09, p. 28, ¶ 4)]. Accordingly, the Court finds that Mr. Thomas has no viable due process claim arising from the staff representation he was afforded in the prison disciplinary proceeding.

Next, Mr. Thomas contends that his due process rights were violated because BOP employees and officials failed to comply with the Bureau's administrative remedy procedure in processing Applicant's appeal of his prison disciplinary conviction.

There is no independent constitutional right to use federal administrative grievance procedures. *See Boyd v. Werholtz*, No. 10–3284, 443 F. App'x 331, 332 (10th Cir. Oct. 3, 2011) (unpublished) (applying rule to state prison administrative procedures) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)).  Moreover, "'federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure.'" *Rauh v. Ward*, No. 04-6089, 112 F. App'x 692, 694 (10th Cir. Oct. 14, 2004) (unpublished) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)); *see also Bingham v. Thomas,* 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure).  "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick,* 932 F.2d at 729.

Furthermore, a constitutionally-protected liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Court has bypassed the issue of exhaustion of administrative remedies and determined that there is no merit to Applicant's due process claim.  Mr. Thomas therefore cannot show that any deviations from the administrative appeal regulations by

BOP employees and officials compromised his right of access to the courts; imposed an atypical or significant hardship on him; or, inevitably affected the duration of his sentence.  In short, Mr. Thomas fails to state a valid due process claim arising out of the BOP's alleged improper application of administrative appeal procedures.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241[Doc. # 4], filed by Applicant, Leon Thomas, on May 6, 2013, is DENIED and this action is DISMISSED with prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Thomas may file a motion in the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  10th  day of     July      , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court