IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01096-LTB

LEON THOMAS,

    Applicant,

v.

C. DANIELS,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    The matter before the Court is the Motion for Reconsideration [Doc. # 16], filed by Applicant, Leon Thomas, on July 18, 2013.  Mr. Thomas is in the custody of the federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado.  The Court must construe the Motion liberally because Mr. Thomas is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Mr. Thomas asks the Court to reconsider the July 10, 2013 Order dismissing this action.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Thomas's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on July 10, 2013.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider

should be construed as filed pursuant to Rule 59(e) when it is filed within the time limitation set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is justified where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). However, a motion to reconsider is not an appropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

In the § 2241 Application, Mr. Thomas claimed that his due process rights were violated when he was not afforded the staff representative of his choice during a prison disciplinary proceeding. He further asserted a due process violation arising out of BOP staff's alleged improper application of the agency's administrative remedy procedure relating to prison disciplinary convictions. The Court denied the Application on the merits in a July 10, 2013 Order and declined to address the preliminary issue of whether Mr. Thomas had exhausted his available administrative remedies. *See United States v. Eccleston,* 521 F.3d 1249, 1253 (10th Cir. 2008) (citing *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)) *(*A federal habeas court may deny a § 2241 application without reviewing the exhaustion question). Mr. Thomas argues, in his Motion for Reconsideration, that the Court should have ruled on his claim that BOP staff members improperly applied the agency's administrative remedy procedure relating to prison disciplinary convictions.

2

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Thomas fails to demonstrate an appropriate basis for the Court to reconsider and vacate the order dismissing this action. Instead, Applicant raises issues that were asserted or could have been asserted in his § 2241 Application and Reply. Accordingly, it is

ORDERED that the Motion for Reconsideration [Doc. # 16], filed by Applicant, Leon Thomas, on July 18, 2013, is DENIED.

DATED at Denver, Colorado, this  25th  day of   July  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court